The determination of the Civil Service Commission is affirmed.

ELIZABETH MARY GAUGER, PLAINTIFF-APPELLANT v. JOHN JOSEPH GAUGER, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted December 23, 1975—Decided January 13, 1976.

Before Judges MATTHEWS, LORA and MORGAN.

*Mr. Samuel R. DeLuca,* attorney for appellant.

*Mr. Samuel F. Penza,* attorney for respondent (*Mr. Leo H. McCarthy,* of counsel and on the brief).

PER CURIAM. In September 1941 defendant and his mother acquired 91 acres of farmland in Monmouth County, which they held as joint tenants. Subsequently, in 1946, plaintiff and defendant were married. In 1972, while the parties were still married, defendant's mother died. In May 1974 plaintiff and defendant were divorced.

The issue raised on appeal is whether the death of defendant's mother in 1972 resulted in the "legal and beneficial acquisition" of property by defendant during marriage so as to subject the subsequently obtained property to equitable distribution.

The trial judge found for defendant since he concluded that defendant acquired his entire interest in the realty in 1941.

We affirm the judgment of the Chancery Division substantially for the reasons set forth in Judge Heckman's opinion, 132 *N. J. Super.* 89 (Ch. Div. 1975).